UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MAXIMINO L-R,

      Petitioner,

v.

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;
DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

      Respondents.

No. 26-cv-1440 (KMM/ECW)

**ORDER**

---

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus filed by Petitioner Maximino L-R ("Maximino LR" or "Petitioner"). (Dkt. 1.) For the reasons that follow, the petition is granted.

## BACKGROUND

The facts alleged in the petition are undisputed. (*See* Dkt. 6.) Maximino LR is a citizen of El Salvador and a resident of St. Paul, Minnesota. (Dkt. 1 ¶ 13.) He has lived in the United States since 2008 (*id.*), and before the events giving rise to this case, he had not previously been "apprehended and placed in removal proceedings by" immigration authorities (*see id.* ¶ 41). He is not subject to a final order of removal. (*Id.* ¶ 14.)

On December 22, 2025, Immigration and Customs Enforcement (ICE) agents followed Maximino LR from a gas station as he was on his way home, stopped his vehicle,

1

and then arrested him. (*Id.* ¶ 15.) ICE agents did not serve Petitioner with "any type of warrant" at the time of his arrest. (*Id.*) ICE continues to detain Petitioner at the Kadiyohi County Jail in Willmar, Minnesota. (*Id.* ¶ 7.); *see also* U.S. Immigr. & Customs Enf"t, *Detainee Locator*, https://locator.ice.gov (last visited February 17, 2026).

In his petition, Maximino LR asserts that he is being held in violation of federal immigration laws. Specifically, he claims that Respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2). (Dkt. 1 ¶¶ 25–28, 36–37.) He asks the Court to order his immediate release, or in the alternative, to require immigration authorities to hold a bond hearing under 8 U.S.C. § 1226(a) before continuing his detention. (*Id.* at 14, Prayer for Relief ¶¶ 3–4.)

## DISCUSSION

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their response to the petition, Respondents assert that Maximino LR is subject to detention by ICE under 8 U.S.C. § 1225(b)(2)(A). (Dkt. 6.) This Court has previously held that, because aliens

residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). However, Respondents acknowledge that this Court has rejected their position in prior cases, and they wish to preserve their arguments for any appeal. (Dkt. 6.)

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Maximino LR or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Respondents have not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's recent arrest, *see* 8 U.S.C. § 1226(a), nor has the government produced one to the Court. "Section 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quoting 8 U.S.C. § 1226(a)). The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a warrant supporting the applicability of § 1226(a) to Maximino LR, nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Maximino LR's Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Maximino LR **without conditions and no later than 3:00 p.m. on February 18, 2026**.

4. Upon Maximino LR's release, Respondents must return **all of Maximino LR's personal effects seized during his arrest, including but not limited to**

4

**immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 17, 2026                              *s/Katherine M. Menendez*
                                                     Katherine M. Menendez
                                                     United States District Judge

5